IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.  19-30473 |
| 4700 South Ashland, LLC, | ) | Chapter 11 |
| | ) | Judge Deborah L. Thorne |
| Debtor/Debtor-in-Possession. | ) | |

## **DEBTOR'S PLAN OF REORGANIZATION**

**Debtor's Counsel**:
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-30473 |
| 4700 South Ashland, LLC, | ) | Chapter 11 |
| | ) | Judge Deborah L. Thorne |
| Debtor/Debtor-in-Possession. | ) | |

## DEBTOR'S PLAN OF REORGANIZATION

4700 South Ashland, LLC Debtor/Debtor-in-Possession ("Debtor"), by and through its Attorneys, proposes the following Plan of Reorganization ("Plan") in accordance with Section 1121(a) of the Bankruptcy Code.

## PREAMBLE

On October 25, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date"). The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession pursuant to Sections 1101, 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this Chapter 11 case. The Debtor is the owner and operator of a building located at 4700 South Ashland, Chicago, Illinois (the "Property").

The Debtor is the proponent of the Plan. The Plan provides for distributions to the holders of Allowed Claims from funds realized by the Debtor from continued operation of the Debtor's business as well as from existing cash deposits, cash resources

of the Debtor and a sale of the Debtor's Property. For a further discussion of the Plan, the reader's attention is directed to the Disclosure Statement that will be filed by the Debtor in connection with this Plan.

## ARTICLE I

## DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless the context otherwise requires:

1.1    **Administrative Expense:**    A cost or expense of administration of this Chapter 11 case, including any actual, necessary expense of preserving or liquidating the estate, or of operating the business of the Debtor and all allowances approved by the Bankruptcy Court in accordance with Section 503 of the Bankruptcy Code.

1.2    **Allowed Claim:**    A "Claim" (as defined below) (i) proof of which has been filed with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or hereafter is, listed by the Debtor as liquidated in amount and not disputed or contingent in the Debtor's bankruptcy schedules filed in this Chapter 11 case, or (iii) in the event of either (i) or (ii), as to which no objection to the allowance thereof has been filed within any applicable period of time fixed by an Order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order of the Bankruptcy Court, or (iv) that is allowed by the provisions of this Plan.

1.3    **Allowed Interest:**    An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders identified in the Debtor's bankruptcy schedules which have been filed with the

3

Bankruptcy Court in this Chapter 11 case; and (iii) in the event of either (i) or (ii), as to which no objection to the allowance thereof has been filed within any applicable period of time fixed by an Order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order of the Bankruptcy Court.

**1.4** **Bankruptcy Code:** Title 11 of the United States Code, Section 101 *et seq.*, as amended.

**1.5** **Bankruptcy Court:** The United States Bankruptcy Court for the Northern District of Illinois.

**1.6** **Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

**1.7** **Chapter 11:** Chapter 11 of the Bankruptcy Code.

**1.8** **Chapter 11 Case:** This case filed by the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

**1.9** **Claim:** The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code.

**1.10** **Confirmation:** The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.11** **Debtor:** 4700 South Ashland, LLC.

**1.12** **Debtor's Estate:** All of the Debtor's "property of the estate" as defined in Section 541 of the Bankruptcy Code.

**1.13** **Debtor-in-Possession:** 4700 South Ashland, LLC.

**1.14** **Deficiency Claim**: The amount of the Deficiency Claim of Lender, if any,

is equal to the difference between the allowed amount of the indebtedness due to Lender, as of the Petition Date, under its notes and mortgages and the value of Lender's collateral as of Confirmation of the Plan as agreed to by Lender and the Debtors or as established by Order(s) of the Bankruptcy Court.

1.15    **Effective Date:** The date of the closing of the sale of the Property, but in any event, no later than six (6) months following the date on which the Order confirming this Plan becomes a Final Order.  Said date can be extended without the necessity of showing good cause, pursuant to motion and order of Court.

1.16    **Final Confirmation Order**: Final Order confirming the Plan under Section 1129 of the Bankruptcy Code.

1.17    **Final Order:**  (i) An order or a judgment that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek reargument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, reargument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an appeal, reargument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for reargument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, reargument, reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment shall have become final and non-appealable in accordance with applicable law.

1.18    **Interest:**  Any equity interest held by any member of the Debtor.

1.19    **Lender:** First Midwest Bank, as successor in interest to Bridgeview Bank Group.

5

**1.20    Month:** A calendar month, including the month in which a date or event occurs.

**1.21    Plan:** This Plan of Reorganization including any amendments or modifications thereto.

**1.22    Pro-rata:** With respect to any distribution on account of any Claim or matter, in the same proportion as the amount of such Claim or matter bears to the aggregate amount of all Claims or matters of its class.

**1.23    Reorganized Debtor:** 4700 South Ashland, LLC.

**1.24    Unclassified Claims:** Claims of the kind specified in Sections 507(a)(2), 507(a)(3) and 507(a)(8) of the Bankruptcy Code, which Claims shall not be classified pursuant to Section 1123(a)(1) of the Bankruptcy Code.

Unless otherwise defined in this Plan, the words and phrases used herein shall have the meanings ascribed to them in the Bankruptcy Code and in the Bankruptcy Rules.

## ARTICLE II

## UNCLASSIFIED CLAIMS

The following Unclassified Claims exist under the Plan pursuant to Section 1123(a)(1) of the Bankruptcy Code:

**2.1    Administrative Claims:** Administrative Claims shall consist of Allowed Claims for Administrative Expenses as well as Claims arising under Sections 507(a)(2) and 507(a)(3) of the Bankruptcy Code.[1]

**2.2    Tax Claims:** The Allowed Claims, if any, of the Internal Revenue

---

[1] Since the Debtor's Chapter 11 case was commenced as a voluntary proceeding, no claims under Sections 507(a)(1) and 507(a)(3), through 507(a)(4) through 507(a)(6) and 502(f) of the Bankruptcy Code exist.

Service ("IRS"), the Illinois Department of Revenue ("IDOR") and any other federal,

state or local taxing authority which is entitled to priority under Section 507(a)(8) of the

Bankruptcy Code ("Tax Claims").

## ARTICLE III

### CLASSIFICATION OF CLAIMS
### AND INTERESTS

**3.1** **Class 1:** The Allowed Secured Claim of the Lender (or such other

party that legally acquired such Claim) which is secured by a senior mortgage on the

Property.

**3.2** **Class 2:** The Allowed Secured Claims, if any, of the holder of pre-

petition Real Estate Tax Claims secured by a statutory lien on the Property.

**3.3** **Class 3:** The Allowed Claims of general unsecured creditors

("Unsecured Claims").

**3.4** **Class 4:** The Allowed Deficiency Claim of the Lender.

**3.5** **Class 5:** The Allowed Interests of the Members of the Debtor

("Members").

## ARTICLE IV

### PAYMENT OF UNCLASSIFIED CLAIMS UNDER THE PLAN

Under the terms of the Plan, Unclassified Claims are unimpaired and shall be paid

as follows:

**4.1** **Administrative Claims:** Except as expressly provided herein and except

as may be agreed to by the holder of each Allowed Administrative Claim, holders of

Allowed Administrative Claims shall be paid on the Effective Date in cash in accordance

with Section 1129(a)(9)(A) of the Bankruptcy Code from the cash on hand held by the

Debtor,  as follows, unless the holder of an Administrative Claim agrees to a different

treatment:

> Each holder of an Allowed Administrative Claim of the kinds specified in Section
> 507(a)(2) of the Bankruptcy Code will receive on account of such Claim, cash
> equal to the allowed amount of such Claim, on the Effective Date except that
> post-petition trade creditors of the Debtors will be paid according to the terms
> under which the debt was incurred; and provided, however, that all
> Administrative Claims with respect to the payment of any professional person
> shall remain subject to and be paid in accordance with applicable provisions of
> the Bankruptcy Code and Bankruptcy Rules and the Final Order of the
> Bankruptcy Court.

**4.2**   **Tax Claims:** The Allowed Tax Claims, if any, of the IRS and IDOR shall

be paid in full, inclusive of allowed interest as provided by applicable federal or state

statutes, in cash on the Effective Date, unless the holder thereof agrees to a different

treatment.  This treatment of Allowed Tax Claims is intended to comply with the

requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.[4]

## ARTICLE V

## TREATMENT OF CLAIMS AND INTERESTS
## IMPAIRED UNDER THE PLAN

Under the terms of the Plan, Allowed Claims in Classes 1, 2, 3, 4 and 5 are

impaired.

**5.1**   **Class 1**:    The Lender is the holder of the Allowed Class 1 Claim.  The

Allowed Class 1 Claim is equal to the value of the Lender's collateral as of Confirmation

of the Plan as agreed to by Lender and the Debtor or as established by Order of the

Bankruptcy Court.  The Allowed Class 1 Claim is impaired under the Plan and shall be

paid as follows:

---

[4]The Debtor believes that there are no Allowed Tax Claims.

A.      **Treatment:** In full satisfaction, settlement, release, and discharge

of and in exchange for the Allowed Class 1 Claim, in conjunction with the Class 4 Claim:

1.      The holder of the Allowed Class 1 Claim shall receive and/or
retain:

a.      Its liens on the real and personal property owned by the
Debtor, to the same extent and with the same validity,
enforceability, perfection and priority as it had on the
Petition Date and as may have been acquired by the Lender
or determined during the course of this Chapter 11 case
pursuant to Orders entered by the Bankruptcy Court, until
the Allowed Class 1 Claim is paid in full pursuant to
Paragraph b, below;

b.      The net proceeds of the sale of the Property, after payment
of all customary closing costs, including but not limited to
past due real estate taxes and Class 2 Claims, tax
prorations, title charges, survey fees, transfer taxes and
other customary charges, payable upon the sale of the
Property and a carve-out of $20,000.00 to pay the attorneys
for the Debtor through the closing of the sale of the
Property, with said fees subject to further order of Court
approving said fees.  The Debtor shall present to the Court
a motion to approve the sale of the Property once a sale has
been negotiated;

B.      **Other Provisions**:

1.      Upon completion of the payments under the Plan to the Lender on
account of the Allowed Class 1 Claim, all of the liens, security interests and Claims of the
Lender shall be deemed released and discharged.  To the extent requested by the Debtor,
once the Allowed Class 1 Claim is paid in full as required by the Plan, the Lender shall
prepare and file any and all documents that may be reasonably necessary to effectuate the
termination of such liens and security interests. The Court shall retain jurisdiction to enter
a judicial release, should the Lender fail to reasonably comply with this provision, or in
the alternative compel the Lender to comply.  Any right of any party under Section
506(c) of the Bankruptcy Code as against the holder of the Allowed Class 1 Claim or its
collateral shall be preserved and shall survive Confirmation of the Plan.

2.      This Plan shall supersede and replace the terms and conditions of
the loan documents establishing the Allowed Class 1 Claim to the extent the loan
documents are inconsistent with this Plan.

3.     To the extent that the net proceeds from the sale of the Property are not in excess of the amount due to the Lender, the remainder of the Lender's claim shall be treated as a Class 4 claim described below.

5.2     **Class 2**: The Cook County Treasurer is the holder of the Allowed Class 2

Claim for real estate taxes on the Property.  The Allowed Class 2 Claim is impaired under

the Plan and shall be paid as follows:

A.     **Treatment:** In full satisfaction, settlement, release, and discharge

of and in exchange for the Allowed Class 2 Claim:

1.     The holder of the Allowed Class 1 Claim shall receive and/or retain:

a.     Its liens on the Property, to the same extent and with the same validity, enforceability, perfection and priority as it had on the Petition Date, until the Allowed Class 2 Claim is paid in full pursuant to Paragraph b, below;

b.     Payment of the unpaid balance of the Allowed Class 2 Claim, shall be paid at the time of the closing of the sale of the Property, from the proceeds of the closing.  The Debtor shall present to the Court a motion to approve the sale of the Property once a sale has been negotiated;

A.     Its lien on the real property owned by the Debtor, with the same validity, enforceability, perfection and priority as it had on the Petition Date and as may have been acquired during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court, until the Allowed Class 2 Claims are paid in full;

5.3     **Class 3**: General Unsecured Creditors are the holders of Class 3

Claims.  Class 3 Claims are impaired under the Plan.  In full satisfaction, settlement,

release and discharge of and in exchange for each and every Allowed Class 3 Claim, the

holders of the Allowed Class 3 Claims shall be paid as follows:

A.     In their Pro-rata share, with the holders of Allowed Class 4 Claims, to the extent their claims are allowed, from funds out of the sale of the Property, to the extent that there are funds available as

described in Paragraph B below, and from the Debtor's cash on hand following the sale of the Property; and

B.      The Plan calls for the sale of the Property.  If there are additional funds after payment to the Lender of the net proceeds of the sale of the Property, as described in Section 5.1 of the Plan.  Said payments, if any, shall be made within sixty (60) days of the closing of the sale of the Property.

**5.3**      **Class 4**:  The Lender is the holder of the Class 4 Claim.  The Class 4 Claim is impaired under the Plan.  The Class 4 Claim is a deficiency claim for any amounts of the Lender's claim that remain unpaid after the closing of the sale of the Property.  In full satisfaction, settlement, release, and discharge of and in exchange for the Allowed Class 4 Claim, the holder of the Allowed Class 4 Claim shall share pro-rata with the holders of the Class 3 Claims out of the Debtor's cash on hand following the sale of the Property if the Lender's claim is not paid in full at the closing of the sale of the Property.

**5.4**      **Class 5**:  Class 5 is comprised of the Allowed Equity Interests in the Debtor which are held by the Members of the Debtor.  Under the Plan, the membership interests of the Members of the Debtor shall be auctioned off to the highest bidder at an auction to be conducted on the Effective Date.

<u>**ARTICLE Vl**</u>
<u>**IMPLEMENTATION OF PLAN**</u>

**6.1**      Upon Confirmation, the Debtor shall be vested with its assets, subject only to the terms and conditions of this Plan.  The Debtor's Manager, Patrick Kane ("Debtor's Manager"), shall be entitled to continue to operate and manage the Debtor's businesses and financial affairs without further Order of this Court as set forth in the Plan through the sale of the Property.

**6.2**     Upon Confirmation, an injunction under Section 524 of the Bankruptcy Code shall arise to prevent any party from foreclosing its lien or security interest in any assets of the Debtor or otherwise enforcing claims against the Debtor and its assets except in a manner provided for under the terms and conditions of this Plan. This injunction shall remain in full force and effect to prevent said actions until all distributions have been made in accordance with the terms and conditions of the Plan.

**6.3**     Management of the Debtor will remain unchanged after Confirmation of the Plan.  The Debtor's Manager shall be the disbursing agent for the payments required under the Plan.

**6.4**     After Confirmation of the Plan, the Debtor will operate its business in the ordinary course.  Payments to creditors pursuant to the Plan will be made from funds realized from continued business operations, from existing cash deposits and from cash obtained from the sale of the Debtor's Property.

**6.5**     The Debtor will have the right to make any distribution to creditors earlier than required by the Plan, without penalty, as long as payments are made in accordance with the priorities set forth in the Plan and the Bankruptcy Code.

**6.6**     The Plan is self-executing.  Except as expressly set forth in the Plan, the Debtor shall not be required to execute any newly created documents to evidence the Claims, liens or terms of repayment to the holder of any Allowed Claim.  The terms of this Plan will exclusively govern payments to creditors and any other rights of creditors as against the Debtor and its property.  Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims, and any liens that may support such Claims, shall be deemed released and discharged.

**6.7**      The Debtor shall have the right, power and authority after Confirmation to commence any preference, fraudulent conveyance or other litigation it deems appropriate. The Bankruptcy Court shall retain jurisdiction for such litigation. The Debtor currently asserts claims against William Platt, the former manager of the Debtor, including, but not limited to, potential breach of contract and fraud claims for purported mismanagement of the Debtor.

**6.8**      The holder of Allowed Claims in Class 1 may be asserting various Claims for reimbursement of fees and expenses it incurred or paid to professionals retained in this Chapter 11 case.  To the extent that any creditor (including the holder of the Allowed Class 1 Claim) is asserting a Claim for reimbursement from the Debtor for professionals retained in this Chapter 11 case which Claim remains unresolved, such creditor shall file such Claim with the Clerk of the Bankruptcy Court with a full and complete itemization of services rendered and expenses incurred by each such professional within forty-five (45) days of Confirmation of this Plan.  The Debtor shall have the right to object to any such Claim by the deadline set in Article XIII, Section 13.1 of this Plan and the Bankruptcy Court expressly reserves jurisdiction to hear any matters relating thereto.  In the event that any creditor fails to timely file a Claim as set forth herein, such Claim shall be deemed waived, released and discharged, such creditor shall be barred from asserting such Claim and such creditor shall be entitled to no distribution or payment on account of such Claim.

# ARTICLE VII

## EXECUTORY CONTRACTS

**7.1**     All executory contracts and unexpired leases which exist between the Debtor and any other party, whether such executory contracts be in writing or oral, which have not been previously assumed, assigned, rejected or otherwise terminated by the Debtor shall be deemed assumed as of Confirmation of this Plan pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code.

**7.2**     Any and all Claims asserted by any party arising from the rejection of executory contracts and unexpired leases pursuant to this Plan or otherwise must be filed on or within thirty (30) days following Confirmation.  Further, with respect to Claims for default relating to any unexpired lease or executory contract that is deemed assumed pursuant to the Plan, any and all such Claims must also be filed on or within thirty (30) days following Confirmation.  Allowed Claims emanating from the rejection of unexpired leases and executory contracts will be treated as Class 2 Claims.  Allowed Claims for default emanating from the assumption of unexpired leases and executory contracts will be treated as Administrative Claims.  Any person failing to file such a Claim within the time provided herein shall be forever barred from asserting such Claim and shall not receive any distribution under this Plan.

**7.3**     The provisions set forth herein shall be equally applicable to executory contracts and unexpired leases of real and personal property.

## ARTICLE VIII

## BANKRUPTCY COURT'S RETENTION OF JURISDICTION

**8.1**    The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) hear and determine applications for fees and allowances for professional persons; (ii) supervise the implementation of this Plan; (iii) hear and determine objections to Claims filed in this Chapter 11 case; (iv) hear and determine applications for the assumption, assignment and/or rejection of executory contracts; (v) hear and determine all adversary proceedings or contested matters whether filed before or after Confirmation; (vi) resolve disputes regarding interpretation of this Plan; (vii) allow Administrative Claims; (viii) enter Orders to further consummation of the Plan; (ix) approve modification of the Plan upon motions brought before the Bankruptcy Court in accordance with Section 1127 of the Bankruptcy Code; (x) hear and determine all applications and motions pending before the Bankruptcy Court on the date of Confirmation or such other matters as are commenced after Confirmation of the Plan; (xi) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as may be necessary; (xii) enforce terms of Plan; (xiii) hear and determine all matters brought by the Debtor under Article VI, Section 6.7 of this Plan; (xiv) enter an Order concluding and terminating these Chapter 11 cases; and (xv) hear and determine any and all matters brought before the Bankruptcy Court by the Debtor after Confirmation.

## ARTICLE IX

## INVALIDATION OF LIENS AND DISCHARGE

**9.1**      The provisions of the confirmed Plan shall bind all creditors and other

parties in interest, whether or not such persons accept the Plan.  The distributions

provided under the Plan shall be in exchange for and in complete satisfaction and release

of all liens and Claims against any of the assets or properties of the Debtor and Debtor's

Estate.  Unless otherwise specifically provided to the contrary herein or in the

Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded

from asserting any lien or Claim against the Debtor or its property.

**9.2**      Except as otherwise provided in the Plan or the Confirmation Order, the

Confirmation of the Plan shall, as of the Effective Date: discharge the Debtor from all

Claims, demands, liabilities, other debts and Interests that arose on or before the Petition

Date, and all debts of the kind specified in Section 502(g), 502(h), or 502(i) of the

Bankruptcy Code, whether or not (A) a proof of Claim or Interest based on such debt or

Interest is filed or deemed filed pursuant to Section 501 of the Bankruptcy Code, (B) a

Claim or Interest based on such debt or Interest is allowed pursuant to Section 502 of the

Bankruptcy Code, or (C) the holder of a Claim or Interest based on such debt or Interest

has accepted the Plan.   This provision of the Plan is intended to include the full breadth

of the discharge provided for and permitted under Section 1141 of the Bankruptcy Code.

## ARTICLE X

## INTEREST AND PENALTIES

10.1     Except as otherwise provided herein, or required by the Bankruptcy Code,
no interest or penalties accruing on or after October 25, 2019, shall be paid on any
Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to
have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XI

## CONFIRMATION OF PLAN UNDER
## SECTION 1129 OF THE BANKRUPTCY CODE

11.1     To the extent necessary, pursuant to Section 1129(b) of the Bankruptcy
Code, the Debtor intends to request that the Bankruptcy Court confirm the Plan if all
applicable requirements of Section 1129(a) of the Bankruptcy Code, other than Section
1129(a)(8), are met.

11.2     Any impaired class in which no votes are cast will be deemed to have
accepted the Plan.

## ARTICLE XII

## UNCLAIMED PROPERTY

12.1     In the event that any distribution made to a claimant by the Debtor under
this Plan remains unclaimed sixty (60) days after such distribution is made, this
distribution shall become property of the Debtor and shall not be recouped by any
claimant in subsequent distributions.  Once the distribution becomes "unclaimed" under
this provision of the Plan, the claimant shall forfeit any and all legal and equitable right to
such distribution and the proceeds thereof.

## ARTICLE XIII

## CLAIMS OBJECTIONS

**13.1**    Except as otherwise ordered by the Bankruptcy Court, the Debtor shall file

any and all objections to the allowance of Claims or Interests on or within one hundred

twenty (120) days after Confirmation of this Plan unless extended by Order of the

Bankruptcy Court.  Cause shall not be a requirement for an extension of this deadline.

## ARTICLE XIV

## DISPUTED CLAIMS

**14.1**    No distribution shall be made to the holders of disputed Claims until the

dispute is resolved either by agreement or by Order of the Bankruptcy Court.

Distributions to the holders of Allowed Claims shall not be held back pending resolution

of disputed Claims.  However, in the event a distribution is made to the holders of

Allowed Claims in a given Class of Claims under the Plan before all disputed Claims in

such Class have been resolved, sufficient funds shall be held back to pay the Pro-rata

share due the holders of disputed Claims in such Class in the event the dispute is resolved

against the Debtor.

## ARTICLE XV

## RETENTION OF CAUSES OF ACTION

**15.1**   The Debtor shall retain any and all claims and causes of action it has

against third parties.  Such claims and causes of action shall survive and be unaffected by

Confirmation of this Plan. Any funds realized from such retained claims and causes of

action shall be property of the Debtor and shall be paid to the holders of Allowed Claims

only to the extent expressly required by the Plan.

18

## ARTICLE XVI

## GENERAL PROVISIONS

**16.1    Rules of Construction.**  The rules of construction applicable to the Bankruptcy Code and the Bankruptcy Rules are applicable to this Plan.

**16.2    Definitions.**  A term used in the Plan that is not defined in the Plan but that is used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

**16.3    Amendment and Modification.**  The Debtor may alter, amend or modify the Plan before or after Confirmation in accordance with the applicable provisions of the Bankruptcy Code.

**16.4    Severability.**  Should any provision of this Plan be determined to be unenforceable, such determination shall not impair, limit or otherwise affect the enforceability of any other provision of this Plan.

**16.5    Successors and Assigns.**  The rights and obligations of any person or entity referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of any such person or entity.

**16.6    Headings.**  The headings of the Articles, paragraphs and sections of this Plan are inserted for convenience only and shall not affect the interpretation therein.

**16.7    Effect of Appeals.**  Unless the Confirmation Order is stayed pending appeal, the Debtor may consummate this Plan notwithstanding the pendency of an appeal from the Confirmation Order, or the timely service of the filing of a Motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024.

**16.8     Debtor's Limited Liability Company Existence.**  The Debtor shall have the right to terminate the limited liability company existence after all payments are made under the Plan.

**16.9     Computation of Time**.  Unless expressly provided otherwise in this Plan, in computing any period of time prescribed or allowed by this Plan, the provisions of Rule 9006(a) of the Bankruptcy Rules shall apply.

**16.10    Insurance Preservation**.  Nothing in the Plan, including any releases, shall diminish or impair the enforceability of any policies of insurance that may cover any claims against the Debtor or any other person.

**16.11    Assignment of Licenses and Insurance**.  Any and all licenses of the Debtor and any and all insurance policies, contracts, rights and coverages shall be assigned to or for the benefit of the Debtor upon Confirmation of the Plan.

**16.12    Terms Binding**.  On the Effective Date, all provisions of the Plan, including all agreements, instruments and other documents filed in accordance with the Plan and executed by the Debtor in connection with the Plan, shall be binding upon the Debtor, all creditors and members and all other entities that are affected in any manner by the Plan.  All agreements, instruments and other documents filed in connection with the Plan shall have full force and effect, and shall bind all parties thereto as of the Final Confirmation Order.

**16.13    Inconsistencies**.  In the event that there is any inconsistency between the Plan and Disclosure Statement, any exhibit to the Plan or other instrument or document created or executed pursuant to the Plan, the Plan shall govern.

**16.14  Compliance With Applicable Law**.  It is intended that the provisions of the Plan (including the implementation thereof) shall be in compliance with all applicable laws and any rules and regulations promulgated thereunder.  If the Debtor concludes that the Plan may not comply with applicable law, then in such event the Debtor intends to amend the Plan in such respect as it deems necessary to bring the Plan into compliance therewith.

**16.15  Tax Consequences**.  At this time, it is uncertain as to what tax consequences, if any, may exist under the Plan with respect to the Debtor.

Respectfully submitted,

4700 South Ashland, LLC,
Debtor/Debtor-in-Possession

By:/s/Jeffrey C. Dan
     One of its attorneys

**Debtor's Counsel**:
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777