# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Matter of: | No. 19 B 30473 |
| | Chapter 11 |
| 4700 South Ashland, LLC | |
| | Hon. Deborah L. Thorne |
| Debtor. | |

## FIRST MIDWEST BANK'S, AS SUCCESSOR-IN-INTEREST TO BRIDGEVIEW BANK GROUP, REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

First Midwest Bank, ("First Midwest") as successor-in-interest to Bridgeview Bank Group ("Bridgeview"), by and through its attorneys, Taft Stettinius & Hollister LLP for its Reply in support of its Motion to Dismiss the bankruptcy case filed by 4700 South Ashland, LLC (the "Debtor"), or in the alternative, for Relief From the Automatic Stay (the "Motion"), states as follows:

### I.     INTRODUCTION

In the Debtor's response to the Motion (the "Response"), the Debtor concedes all of the following: (i) the Debtor has identified the Insiders as the largest unsecured creditors, and the remaining four unsecured creditors have negligible claims; (ii) there was no pressure from unsecured creditors to file the Petition; (iii) there is only one secured creditor here (First Midwest); (iii) the Debtor has no employees; (iv) the Bankruptcy Case was filed to circumvent the Foreclosure Litigation mere days before the appointment of a Receiver to the Property; (vi) the Bankruptcy Case essentially involves the resolution of a two-party dispute (between First Midwest and the Debtor as it relates to the Property, the Debtor's sole asset); and (viii) the Debtor filed the Bankruptcy Case solely to invoke the automatic stay (to avoid the continuation of the Foreclosure Litigation and the appointment of a Receiver). Despite these concessions, the Debtor argues that this Court should deny the Motion for the following reasons: (i) the enactment of 362(d)(3) infers

that single asset cases are not per se impermissible; (ii) the *Grieshop* case, only one of many cases, is inapplicable after the codification of 362(d)(3); and (iii) there is an existing letter of intent to purchase the Property. For the reasons discussed below, the Debtor's arguments are without merit, and this Court should be grant the Motion.

## II.    ARGUMENT

**I. There is cause to dismiss the Debtor's bankruptcy case pursuant to § 11 U.S.C. 112(b).**

Despite never denying the majority of the long list of existing factors present here that are hallmarks of a bad faith filing, the Debtor claims that they are not determinative here. Specifically, the Debtor claims that the factors listed in the *Grieshop* case do not apply here because it was decided before the codification of Section 362(d)(3).

However, the Debtor fails to offer any legal authority to support its assertion that the factors to be considered in the determination of a bad faith filing, as discussed Grishop and many other cases across the County, are no longer applicable to single asset real estate cases. And for good reason. None exists. In fact, bankruptcy courts throughout the nation continue to apply the factors espoused in *Grishop*, and other similar cases, in determining whether a single asset real estate filing was done in bad faith. *See e.g, In re 401 Properties Limited Partnership*, 2016 WL 4259917, *3, (N.D. Ill. Bankr. 2016); *In re Uptown Business Center, LLC*, 2013 WL 5636638, *5 (S. D. Ind. Bankr. 2013). The Eleventh Circuit specifically held that the guidelines set by courts in determining bad faith filings "have not been modified by the Bankruptcy Reform Act of 1994." *In Re State Street Houses, Inc*., 356 F. 3d 1345, 1347 (11th Circ. 2004). The Circuit Court went on to state that factors, such as these are "appropriate guidelines for consideration when evaluating a Chapter 11 petition in a single asset real estate case was filed in bad faith." *Id*. Indeed, if the Court were to accept the Debtor's argument, then one could never establish bad faith in a single

2

asset real estate case.

It remains undisputed that the following factors, which are separate and apart from the single asset real estate nature of the case, exist in this case which clearly demonstrate that the debtor did not file this case in good faith:

> (i) the Debtor has identified the Insiders as the largest unsecured creditors, and the remaining four unsecured creditors have negligible claims;
> (ii) there was no pressure from unsecured creditors to file the Petition;
> (iii) there is only one secured creditor here (First Midwest);
> (iv) the Debtor has no employees;
> (v) the Bankruptcy Case was filed in response to the Foreclosure Litigation and mere days before the appointment of a Receiver to the Property;
> (vi) the Bankruptcy Case essentially involves the resolution of a two-party dispute (between First Midwest and the Debtor as it relates to the Property, the Debtor's sole asset); and
> (vii) the Debtor filed the Bankruptcy Case solely to create the automatic stay (to avoid the continuation of the Foreclosure Litigation and the appointment of a Receiver).

Simply put, this case is the quintessential bad faith filing. As such, this Court should dismiss the case.

### II. First Midwest is entitled to relief from the automatic stay, for cause, pursuant to 362(d)(1).

"Lack of good faith itself, where established, constitutes cause for lifting the section 362 stay to permit foreclosure." *In re Novak*, 103 B.R. 403, 413 (Bankr. E.D.N.Y 1989). The Debtor's bad faith in filing the Petition, for the reasons described above, constitutes cause for lifting the stay. *See In re Phoenix Piccadilly, Ltd*. 849 F. 2d 1392, 1394 (5th Cir. 1988). The Court should thus grant First Midwest with relief from the automatic stay.

### III. First Midwest is entitled to relief from the automatic stay for cause pursuant to § 362(d)(3).

The Plan submitted to the Court by the Debtor is unfeasible.[1] As discussed, the entirety of

---

[1] The Debtor claims that the Plan was filed with a contract. This is absolutely incorrect. The Plan did not have a contract attached thereto.

3

the Plan hinges on some future aspirational contract for the sale of the Property.

Subsequent to the filing of the Plan, the Debtor provided First Midwest with a letter of intent (the "LOI") as proof of the Plan's feasibility. However, a letter of intent, standing alone, does not support that that the Plan is feasible. In addition, the Debtor has made no showing whatsoever that the purchase price set for the in the LOI is equal to or greater than the current market value of the Property. Moreover, according to the Debtor, the negotiations relating to the LOI have now been "delayed" due to the "current economic situation." (Response, pg. 4). But the current state of the economy, which could possibly be the worst that it has been since the Great Depression, makes the possibility of the Debtor consummating as sale for the current market value of the Property pursuant to the LOI even more unfeasible.

In short, "sincerity, honesty and willingness are not sufficient to make the plan feasible, and neither are visionary promises." *Id.* Rather, the feasibility test 'is firmly rooted in predictions based on objective facts.'" *Id.* (quoting *In re Hoff*, 54 B.R. 746, 752 (Bankr. D.N.D. 1985)).

Here, the Plan, which did not even include the LOI, is objectively unfeasible, and the Court should grant First Midwest with relief from the automatic stay.

### III.    CONCLUSION

WHEREFORE, First Midwest Bank, as successor-in-interest to Bridgeview Bank, respectfully requests that this Honorable Court grant its Motion to Dismiss this bankruptcy case, or in the alternative, to grant it relief from the automatic stay, and that the Court grant it any other and further relief which it deems just and equitable.

        FIRST MIDWEST BANK,

        By: */s/ Jillian S. Cole*
          One of its attorneys

William J. Serritella, Jr. (#6210001)
wserritella@taftlaw.com
Jillian S. Cole (#6279025)
jcole@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
(312) 527-4000

27280613.1

5